IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:21-CV-567-WHA-CSC |
| ) | [WO] |
| LISA CAUTHERN, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center in Opelika, Alabama, filed this 42 U.S.C. § 1983 action on August 26, 2021. The Court attempted service of the Complaint on the named defendant, Lisa Cauthern. However, Defendant Cauthern's copy of the Court's service package containing the Complaint and Order of Procedure was returned to the Court on September 13, 2021, marked as undeliverable. Accordingly, on September 15, 2021, the Court ordered Plaintiff to submit to the Clerk's office, by September 29, 2021, the correct identity or a correct service address—or both— for Defendant Cauthern. Doc. 5. The September 15 Order informed Plaintiff that to maintain litigation against Defendant Cauthern, he must provide her correct identity or her correct service address. To date, Plaintiff has failed to comply with the Court's September 15, 2021, Order.

Plaintiff's claims against Defendant Cauthern are due to be dismissed under Federal

Rule of Civil Procedure 4(m). Rule 4(m) requires that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. FED. R. CIV. P. 4(m). Here, Plaintiff's 90-day time period for serving Defendant Cauthern expired on November 29, 2021.[1] The undersigned finds nothing in the record warranting an extension of Plaintiff's time for serving Defendant Cauthern. Accordingly, Plaintiff's claims against Defendant Cauthern are due to be dismissed under Federal Rule of Civil Procedure 4(m).

Alternatively, Plaintiff's claims against Defendant Cauthern are subject to dismissal for Plaintiff's failure to prosecute and comply with this Court's orders. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

---

[1] Because expiration of the 90-day time period fell on November 25, 2021—a legal holiday—and the Court was closed November 26, 2021, under Rules 6(a)(1)(C) & 6(a)(3)(A), FED. R. CIV. P., the 90-day time period expired the following Monday, November 29, 2021 ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday," or the clerk's office is inaccessible, "the period continues to run until the end of the next day [or the first accessible day] that is not a Saturday, Sunday, or legal holiday."). The Court further notes that, in computing any time period specified in the Federal Rules of Civil Procedure, a court must "[e]xclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), FED. R. CIV. P.

In this case, the Court informed Plaintiff of his responsibility to provide a correct service address, the correct identity, or both for the named defendant, and that it was his responsibility to monitor this case to make sure service was completed. *See* Doc. 4 at 5–6; Doc. 5 at 1–2.  Moreover, the Court cautioned Plaintiff that a failure to perfect service on a named defendant would result in a dismissal of that defendant. *Id*. Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's September 15, 2021, Order. And considering Plaintiff's disregard for the orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case. Accordingly, Plaintiff's claims against Defendant Cauthern should be dismissed for failure to prosecute and comply with this Court's orders.

For these reasons, the Magistrate Judge RECOMMENDS that Plaintiff's Complaint against Defendant Cauthern be DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m). Alternatively, the Magistrate Judge RECOMMENDS that Plaintiff's claims against Defendant Cauthern be DISMISSED without prejudice for failure to prosecute and comply with this Court's orders.

It is ORDERED that any objections to the Recommendation must be filed **by December 29, 2021**.  Any objections filed by a party must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the

District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of December 2021.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE